IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRISTOPHER BRIAN CROSBY, Plaintiff, vs. COUNTY OF YELLOWSTONE, ET AL., Defendant. | CV-24-105-BLG-DWM ORDER |

Plaintiff Christopher Brian Crosby filed a Complaint related to his legal mail. The Complaint failed to state a federal claim for relief. (Doc. 8.) Crosby was given an opportunity to file an amended complaint, which he did. Crosby's Amended Complaint likewise fails to state a claim and is dismissed. (Doc. 9.)

Crosby was advised that officials may examine an inmate's mail without infringing his rights and inspect non-legal mail for contraband outside the inmate's presence. *United States v. Wilson*, 447 F.2d 1, 8 n. 4 (9th Cir. 1971) Officials must institute procedures for inspecting "legal mail" but that only pertains to mail sent between attorneys and prisoners. *Wolff v. McDonnell*, 418 U.S. 539 at 576-577 (1974). In the Ninth Circuit, "mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Similarly, mail to and from state agencies is not "legal mail," and may be

1

opened and inspected outside an inmate's presence. *O'Keefe v. Van Boening*, 82 F.3d 322, 325–27 (9th Cir. 1996), *Grigsby v. Horel*, 341 Fed. Appx. 314, 314–15 (9th Cir. 2009).

Crosby was specifically directed in the Court's prior Order to allege facts to show that the mail opened by Defendant was, in fact, "legal mail." He has not made that showing, and appears to disagree with the Ninth Circuit's opinion in *Keenan v. Hall*, stating that "there shouldn't be any exceptions to civil legal mail, if it's a court document from any court including this one, it IS LEGAL MAIL." (Doc. 9 at 7.)

Crosby failed to comply with the Court's clear direction to allege facts showing the opened mail was legal mail. Though pro se documents are to be liberally construed, there is nothing complicated about stating exactly which mail was supposedly opened, given that Crosby has identified that the infraction occurred between 6:00 and 8:00 a.m. on July 23, 2024. (Doc. 9 at 5.) Crosby has not stated a claim for a constitutional violation.

Accordingly, IT IS ORDERED that:

1.  This matter is DISMISSED for failure to state a claim and failure to comply with the Court's Order. The Clerk of Court is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

2.  This dismissal counts as a strike against Crosby within the meaning of

2

28 U.S.C. § 1915. The Court certifies that appeal of this matter would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

DATED this 28th day of October, 2024.

_____
Donald W. Molloy, District Judge
United States District Court